UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SCVNGR, INC., d/b/a LevelUp

Plaintiff,

v.

eCHARGE LICENSING, LLC,

Defendant.

Civil Action No.: 13-cv-12418

**COMPLAINT**

**Jury Trial Demanded**

## INTRODUCTION

1. SCVNGR, Inc. d/b/a LevelUp ("LevelUp") is a Boston-based technology startup. LevelUp offers a service that allows users to pay for goods at a merchant point-of-sale by scanning a two-dimensional bar code displayed on a mobile phone. LevelUp brings this Complaint against eCharge Licensing, LLC ("eCharge"), a Chicago-based entity whose sole business appears to be the assertion of patent infringement claims, in order to obtain a declaratory judgment that: (i) the LevelUp mobile phone application does not infringe any claim of United States Patent Nos. 5,834,747 ("the '747 patent"), 6,308,890 ("the '890 patent"), 6,764,005 ("the '005 patent"), 7,083,094 ("the '094 patent"), 7,334,732 ("the '732 patent"), 7,530,495 ("the '495 patent"), 7,828,207 ("the '207 patent"), and 8,490,875 ("the '875 patent") (Counts I-VIII); and that (ii) each and every claim of the '747, '890, '005, '094, '732, '495, '207, and '875 patents are invalid and/or unenforceable (Counts IX-XVII).

2. LevelUp also brings this action to recover damages incurred as a result of eCharge's unfair and deceptive business practices, including its bad faith threats to assert frivolous patent infringement claims against LevelUp, in violation of M.G.L. c. 93A §§ 2 and 11 (Count XVIII).

eCharge's recent frivolous threats to assert patent infringement claims against LevelUp follow a systematic campaign by the patents' inventor, owners, and/or licensees (collectively, the "patentee") to delay and prolong consideration of a November 1994 patent application by the United States Patent & Trademark Office ("USPTO") over a nearly nineteen year period. During that time, the patentee stretched the scope of its patent claims in an attempt to cover the innovations of others. The patentee's original 1994 patent application, upon which each of the patents-in-suit is based, was entitled "Universal Credit Card Apparatus and Method." The application abstract described the invention as a device capable of storing, selecting, and creating multiple different magnetic strip patterns on a single device, thereby "allowing convenient replacement of a number of separate" devices. Figure 2 of the 1994 application depicted a "preferred embodiment" of one such "universal credit card":




**'747 patent, Fig. 2 (issued Nov. 10, 1998)**

Over the next eighteen-plus years, the patentee altered and amended its proposed patent claims in a series of continuing applications. For example, on September 8, 2010, the patentee for the first time added patent claims directed specifically to "a telephone." '875 patent, claim 1. eCharge now threatens to assert frivolous claims for infringement, including as to the these recently added patent claims, against the LevelUp Mobile App for the iPhone. eCharge threatens to assert these frivolous claims knowing that LevelUp's Mobile iPhone App does not infringe, and further that

the patent claims are invalid and unenforceable, in an effort to extract a payment to which it is not legally entitled.

## THE PARTIES

3. SCVNGR, Inc., d/b/a LevelUp, is a Delaware corporation with its principal place of business at 1 Congress Street, Suite 111, Boston MA 02114.

4. On information and belief, eCharge Licensing, LLC is an Illinois limited liability company having a place of business at 500 Skokie Boulevard, Suite 35, Northbrook, Illinois. eCharge has suggested that it is a licensee and/or assignee of United States Patent Nos. 5,834,747, 6,308,890, 6,764,005, 7,083,094, 7,334,732, 7,530,495, 7,828,207, and 8,490,875, though it has produced no documentation to substantiate such suggestions.

## JURISDICTION AND VENUE

5. On August 16, 2013, eCharge, through its counsel, sent a letter to LevelUp asserting that "the LevelUp Mobile iPhone App infringes" unspecified claims of the '747, '890, '005, '094, '732, '495, '207, and '875 patents, and specifically claim 1 of the '875 patent. On September 2, 2013, LevelUp responded by specifically denying all such allegations of infringement. On September 19, 2013, eCharge sent an email attaching a letter dated August 2, 2012, and reiterating eCharge's claims of infringement by LevelUp. Thus, there is an actual dispute and controversy between the parties as to whether the claims of the '747, '890, '005, '094, '732, '495, '207, and '875 patents are invalid, unenforceable and/or infringed.

6. This Court has jurisdiction over LevelUp's claims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a), 2201, and 2202.

7. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391.

//

## COUNT I

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,834,747)**

8. LevelUp incorporates all prior paragraphs of this complaint.

9. The ’747 patent, entitled “Universal Credit Card Apparatus and Method,” was issued to J. Carl Cooper by the USPTO on November 10, 1998. The patent issued from application no. 08/802,672, filed on February 19, 1997, which was a continuation of application no. 08/334,474, filed on November 4, 1994, which the patentee abandoned. A copy of the ’747 patent is attached hereto as Exhibit 1.

10. LevelUp does not infringe any claim of the ’747 patent, directly or indirectly, including by the manufacture, use, offer for sale, and sale of its LevelUp Mobile iPhone App.

## COUNT II

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,308,890)**

11. LevelUp incorporates all prior paragraphs of this complaint.

12. The ’890 patent, entitled “Universal Credit Card Apparatus and Method,” was issued to J. Carl Cooper by the USPTO on October 30, 2001. The patent issued from application no. 09/109,312, filed on June 30, 1998, which was a divisional of application no. 08/802,672. A copy of the ’890 patent is attached hereto as Exhibit 2.

13. LevelUp does not infringe any claim of the ’890 patent, directly or indirectly, including by the manufacture, use, offer for sale, and sale of its LevelUp Mobile iPhone App.

## COUNT III

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,764,005)**

14. LevelUp incorporates all prior paragraphs of this complaint.

15. The ’005 patent, entitled “Universal Credit Card Apparatus and Method,” was issued to J. Carl Copper by the United States Patent & Trademark Office on July 20, 2004. The

patent issued from application no. 09/929,975, filed on August 15, 2001, which was a divisional of application no. 09/109,312. A copy of the'005 patent is attached hereto as Exhibit 3.

16. LevelUp does not infringe any claim of the '005 patent, directly or indirectly, including by the manufacture, use, offer for sale, and sale of its LevelUp Mobile iPhone App.

**COUNT IV**
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,083,094)**

17. LevelUp incorporates all prior paragraphs of this complaint.

18. The '094 patent, entitled "Universal Credit Card Apparatus and Method," was issued to J. Carl Cooper by the United States Patent & Trademark Office on Aug. 1, 2006. The patent issued from application no. 10/857,031, filed on May 28, 2004, which was a continuation of application no. 09/929,975. A copy of the'094 patent is attached hereto as Exhibit 4.

19. LevelUp does not infringe any claim of the '094 patent, directly or indirectly, including by the manufacture, use, offer for sale, and sale of its LevelUp Mobile iPhone App.

**COUNT V**
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,334,732)**

20. LevelUp incorporates all prior paragraphs of this complaint.

21. The '732 patent, entitled "Universal Credit Card Apparatus and Method," was issued to J. Carl Cooper by the United States Patent & Trademark Office on February 26, 2008. The patent issued from application no. 11/372,254, filed on March 8, 2006, which was a continuation of application no. 10/857,031. A copy of the'732 patent is attached hereto as Exhibit 5.

22. LevelUp does not infringe any claim of the '732 patent, directly or indirectly, including by the manufacture, use, offer for sale, and sale of its LevelUp Mobile iPhone App.

**COUNT VI**
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,530,495)**

23. LevelUp incorporates all prior paragraphs of this complaint.

24. The ’495 patent, entitled “Universal Credit Card Apparatus and Method,” was issued to J. Carl Cooper by the United States Patent & Trademark Office on May 12, 2009. The patent issued from application no. 12/015,459, filed on January 16, 2008, which was a continuation of application no. 11/372,254. A copy of the’495 patent is attached hereto as Exhibit 6.

25. LevelUp does not infringe any claim of the ’495 patent, directly or indirectly, including by the manufacture, use, offer for sale, and sale of its LevelUp Mobile iPhone App.

**COUNT VII**
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,828,207)**

26. LevelUp incorporates all prior paragraphs of this complaint.

27. The ’207 patent, entitled “Universal Credit Card Apparatus and Method,” was issued to J. Carl Cooper by the United States Patent & Trademark Office on November 9, 2010. The patent issued from application no. 12/273,485, filed on Nov. 18, 2008, which was a continuation of application no. 12/015,459. A copy of the’207 patent is attached hereto as Exhibit 7.

28. LevelUp does not infringe any claim of the ’207 patent, directly or indirectly, including by the manufacture, use, offer for sale, and sale of its LevelUp Mobile iPhone App.

**COUNT VIII**
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,490,875)**

29. LevelUp incorporates all prior paragraphs of this complaint.

30. The ’875 patent, entitled “Universal Credit Card Apparatus and Method,” was issued to J. Carl Cooper by the United States Patent & Trademark Office on July 23, 2013. The patent issued from application no. 12/877,335, filed on September 8, 2010, which was a

continuation of application no. 12/273,485. A copy of the’875 patent is attached hereto as Exhibit 8.

31. LevelUp does not infringe any claim of the ’875 patent, directly or indirectly, including by the manufacture, use, offer for sale, and sale of its LevelUp Mobile iPhone App.

**COUNT IX**
**(Declaratory Judgment of Invalidity U.S. Patent No. 5,834,747)**

32. LevelUp incorporates all prior paragraphs of this complaint.

33. Each and every claim of the ’747 patent is invalid for failure to comply with the conditions and requirements for patentability set forth in one or more of 35 U.S.C. §§ 101, 102, 103, or 112 and/or under the doctrine of obviousness-type double patenting.

**COUNT X**
**(Declaratory Judgment of Invalidity U.S. Patent No. 6,308,890)**

34. LevelUp incorporates all prior paragraphs of this complaint.

35. Each and every claim of the ’890 patent is invalid for failure to comply with the conditions and requirements for patentability set forth in one or more of 35 U.S.C. §§ 101, 102, 103, or 112 and/or under the doctrine of obviousness-type double patenting.

**COUNT XI**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 6,764,005)**

36. LevelUp incorporates all prior paragraphs of this complaint.

37. Each and every claim of the ’005 patent is invalid for failure to comply with the conditions and requirements for patentability set forth in one or more of 35 U.S.C. §§ 101, 102, 103, or 112 and/or under the doctrine of obviousness-type double patenting.

**COUNT XII**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 7,083,094)**

38. LevelUp incorporates all prior paragraphs of this complaint.

39. Each and every claim of the ’094 patent is invalid for failure to comply with the conditions and requirements for patentability set forth in one or more of 35 U.S.C. §§ 101, 102, 103, or 112 and/or under the doctrine of obviousness-type double patenting.

**COUNT XIII**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 7,334,732)**

40. LevelUp incorporates all prior paragraphs of this complaint.

41. Each and every claim of the ’732 patent is invalid for failure to comply with the conditions and requirements for patentability set forth in one or more of 35 U.S.C. §§ 101, 102, 103, or 112 and/or under the doctrine of obviousness-type double patenting.

**COUNT XIV**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 7,530,495)**

42. LevelUp incorporates all prior paragraphs of this complaint.

43. Each and every claim of the ’495 patent is invalid for failure to comply with the conditions and requirements for patentability set forth in one or more of 35 U.S.C. §§ 101, 102, 103, or 112 and/or under the doctrine of obviousness-type double patenting.

**COUNT XV**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 7,828,207)**

44. LevelUp incorporates all prior paragraphs of this complaint.

45. Each and every claim of the ’207 patent is invalid for failure to comply with the conditions and requirements for patentability set forth in one or more of 35 U.S.C. §§ 101, 102, 103, or 112 and/or under the doctrine of obviousness-type double patenting.

**COUNT XVI**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 8,490,875)**

46. LevelUp incorporates all prior paragraphs of this complaint.

47. Each and every claim of the ’875 patent is invalid for failure to comply with the conditions and requirements for patentability set forth in one or more of 35 U.S.C. §§ 101, 102, 103, or 112 and/or under the doctrine of obviousness-type double patenting.

**COUNT XVII**
**(Unenforceability for Prosecution Laches)**

48. LevelUp incorporates all prior paragraphs of this complaint.

49. Each of the patents-in-suit that have been asserted against LevelUp by eCharge, including the ’875 patent, which issued in July 2013, claims priority to the same original patent application no. 08/334,474, filed on November 4, 1994. Following the November 1994 filing, over the course of the next eighteen-plus years, between November 1994 and July 2013, the patentee executed a systematic strategy to delay prosecution of the patent application, and related continuing applications, in order to maintain for itself unfairly the ability to add patent claims that were broadened in an effort to cover innovations developed by others that the patentee had not contemplated at the time of the alleged invention. The patentee’s unreasonable and unexplained delay in prosecution constitutes an egregious misuse of the statutory patent system.

50. During the period of the patentee’s delay in prosecution, persons in the field, including LevelUp, invested in and developed technology that came into general use and was proven commercially profitable, while the patentee simply stood by and awaited such developments.

51. As a result of the patentee’s delay in prosecuting the applications that led to the patents-in-suit, persons in the industry, including LevelUp, were prejudiced.

52. Therefore, at least the ’875 patent is unenforceable by reason of prosecution laches, specifically, eCharge’s unreasonable delay in prosecuting the application that resulted in the ’875 patent claims.

**COUNT XVIII**
**(Unfair and Deceptive Practices in Violation of M.G.L. Ch. 93A)**

53. LevelUp incorporates all prior paragraphs of this complaint.

54. At all times relevant to this Complaint, LevelUp was engaged in trade or commerce in this Commonwealth within the meaning of M.G.L. ch. 93A §§ 2 and 11.

55. At all times relevant to this Complaint, eCharge was engaged in trade or commerce in this Commonwealth within the meaning of M.G.L. ch. 93A §§ 2 and 11. Specifically, on information and belief, eCharge's sole business is to assert claims for patent infringement against targeted entities, in the form of demand letters and complaints filed in the United States district courts. eCharge then seeks to leverage the high costs of defending against such claims in order to obtain payments, nominally designated as license fees or settlements, that are lower than the attorneys' fees and costs that would be incurred if the targeted entity were to defend the infringement claim and/or prove the asserted patents to be invalid or unenforceable.

56. According to a study published by the American Intellectual Property Law Association ("AIPLA"), when a non-practicing entity brings a complaint for patent infringement, and where the value of the demand or alleged damages is less than one million dollars, the attorneys' fees required for a targeted entity to defend the claim often exceed one million dollars.

57. eCharge is a Limited Liability Corporation having only one member: Cascades Ventures, Inc. ("Cascades"). Cascades is an Illinois corporation, with a primary place of business identical to that of eCharge: 500 Skokie Blvd., Suite 250, Northbrook, IL. Cascades was founded by Anthony O. Brown, who serves as Cascades' President, Secretary, and Registered Agent. Anthony Brown is also the Registered Agent of eCharge.

58. Cascades' business is the assertion of patent infringement claims, whether frivolous or not. The Cascades' website reproduces several published articles describing its

business operations. One of the articles describes Cascades' business as "***the patent trolling business***." Several of the articles reproduced on the website refer to Anthony Brown, the founder of Cascades and eCharge, as "***the original patent troll***." The Cascades' website also advertises, on its "Management" page, that Anthony Brown was one of the first people "to engage in ***the business of patent licensing*** on a major scale." The Cascades website further explains that Cascades only receives income when ***"patents are successfully exploited***." The primary image displayed on the Cascades website is a courthouse.

59. A New York Times Op-Ed Article from June 4, 2013, authored in part by Chief Judge Randall Rader of the United States Court of Appeals for the Federal Circuit, and entitled "*Make Patent Trolls Pay in Court*" succinctly describes the "business" of patent troll entities such as eCharge and Cascades as follows:

> The business plan is simple: trolls … make money by threatening companies with expensive lawsuits and then using that cudgel, rather than the merits of a case, to extract a financial settlement.

60. The *President* of the United States has similarly described that the business of a patent troll entity is to "hijack somebody else's idea and see if they can extort some money."

61. On information and belief, eCharge does not practice a single claim of any patent that it owns or licenses, and has no substantial business or source of revenue other than the payments obtained from parties against which it asserts patent infringement.

62. eCharge has conducted its business within the Commonwealth of Massachusetts, including by contacting the plaintiff LevelUp, a Boston-based technology company, and threatening to assert frivolous claims that LevelUp infringes at least eight patents purportedly assigned or licensed to eCharge. eCharge's unfair and deceptive business activities within the Commonwealth threaten to and have actually interfered with trade and commerce, including in

the operation of LevelUp's business and by forcing LevelUp to seek a declaratory judgment of patent non-infringement, invalidity and unenforceability.

63. On August 16, 2013, eCharge, through its counsel Robert Greenspoon, sent a letter to LevelUp, addressed to LevelUp's CEO Seth Priebatsch, accusing LevelUp of infringing at least eight patents allegedly assigned or licensed to eCharge: U.S. Patent Nos. 5,834,747, 6,308,890, 6,764,005, 7,083,094, 7,334,732, 7,530,495, 7,828,207, and 8,490,875, and requesting that the parties engage in "discussions toward a release under the Patents and a license going forward." The letter included a "claim chart" purporting to compare the language of claim 1 of the '875 patent to the use of LevelUp Mobile App running on an iPhone. A copy of the August 16, 2013 letter is attached hereto as Exhibit 9.

64. The claim chart enclosed with the August 16, 2013 letter included frivolous statements concerning the LevelUp Mobile iPhone App in an effort to give the appearance that LevelUp meets the requirements of, and thus infringes, claim 1 of the '875 patent. For example, among other misleading statements, the August 16, 2013 claim chart asserts that the LevelUp App causes memory in the iPhone "to store information related to at least one credit card account," as required by the patent claim. The LevelUp App, however, does not cause any user credit card information to be stored on an iPhone. Relatedly, eCharge's August 16, 2013 claim chart asserts that the LevelUp App causes the iPhone memory to store "the LevelUp QR code specific to each credit card." The LevelUp QR code, however, is not specific to any credit card. As another example, among other misleading statements, eCharge's August 16, 2013 claim chart asserts that the LevelUp App causes the iPhone to include a "designator for selecting the information from the memory" as required by the patent claim. The LevelUp App, however, does not permit a user to make a selection from any set of such information stored in the

iPhone's memory. The falsity and/or misleading nature of these exemplary statements, and other statements contained within the August 16, 2013 claim chart, would be apparent to any person skilled in the relevant art who used the LevelUp Mobile iPhone App.

65. The August 16, 2013 letter from eCharge's counsel did not include any specific allegations of infringement concerning any claim of the '747, '890, '005, '094, '732, '495, or '207 patents. Each of the claims of those patents contain one or more limitations similar and/or identical to the limitations of claim 1 of the '875 patent.

66. On September 2, 2013, LevelUp, through its CEO Mr. Priebatsch, responded to the letter from Mr. Greenspoon explaining that eCharge's August 16, 2013 letter and claim chart contained several errors, and that the LevelUp Mobile App, when run on an iPhone, does not use the alleged invention described in claim 1 of the '875 patent. Mr. Priebatsch cited specific claim limitations of the patent claim not present in the LevelUp Mobile App. LevelUp's September 2, 2013 letter also addressed eCharge's more general allegations concerning the other five patents. A copy of the September 2, 2013 letter is attached hereto as Exhibit 10.

67. On September 19, 2013, Mr. Greenspoon responded to Mr. Priebatsch by email, stating that LevelUp's September 2, 2013 letter "gives no reasons" for LevelUp's statement that it does not infringe the eCharge Licensing patents, and that eCharge "ha[s] no basis for changing our views." The email also requested that LevelUp make an offer to license the asserted patents, and requested a disclosure of LevelUp's "financial results and projections through 2014." A copy of the September 19, 2013 email is attached hereto as Exhibit 11.

68. The allegations of patent infringement asserted in eCharge's August 16 and September 19, 2013 communications are objectively baseless, in that no reasonable person could realistically expect to succeed on the merits of such claims.

69. On information and belief, eCharge's infringement assertions were made in subjective bad faith, insofar as they are nothing more than an effort to leverage the high cost of defending against such claims in hopes of obtaining a payment from LevelUp, to which eCharge is not legally entitled.

70. On information and belief, eCharge is also aware that the patent claims asserted against LevelUp are invalid for failure to comply with the conditions of patentability, including the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and 112, and for obviousness-type double-patenting, as alleged in LevelUp's claims for declaratory judgment of patent invalidity.

71. eCharge has asserted certain of the patents-in-suit against other target entities, including by filing complaints for patent infringement against other entities in the United States District Court for the Northern District of Illinois. Most recently, on September 9, 2013, eCharge filed a complaint against Square, Inc. alleging infringement of the '005 patent, '207 patent, and '875 patent. N.D. Ill. C.A. No. 13-cv-06445.

72. eCharge's recent assertion of the '747, '890, '005, '094, '732, '495,'207 and '875 patents against LevelUp is also part of a larger business campaign by eCharge and/or the patents' inventor that included efforts to delay the United States Patent and Trademark Office from considering and evaluating the patent applications, in an effort to expand the scope of the granted patent protection to reach technology and innovations conceived and developed by others, that were not contemplated by the inventor at the time of filing. The original patent application, U.S. App. Ser. No. 08/334,474, to which each of the patents-in-suit claims priority, was filed on November 4, 1994. Over the course of the next eighteen-plus years, between November 1994 and July 2013, eCharge and/or the inventor executed a systematic strategy to delay prosecution

of the patent application, and related continuing applications, in order to maintain for itself unfairly the ability to add new and broadened patent claims. For example, the application that later issued as the ’875 patent was filed on September 8, 2010. The ’875 patent is the first patent of the asserted patents to include a claim requiring “a telephone.”

73. eCharge’s unfair and deceptive business practices, as detailed above, including its frivolous assertion of the ’747, ’890, ’005, ’094, ’732, ’495, ’207, and ’875 patents against LevelUp despite knowing that the patents are invalid, unenforceable, and/or not infringed, violate M.G.L. ch. 93A §§ 2 and 11. eCharge’s violations of M.G.L. ch. 93A §§ 2 and 11 were knowing and willful.

74. eCharge’s violations of M.G.L. ch. 93A §§ 2 and 11 have damaged LevelUp, including by forcing LevelUp to incur the costs and attorneys’ fees necessary to defend against the frivolous threats of patent infringement by filing this action for declaratory judgment. LevelUp is entitled to recover such damages, as well as enhanced damages and the costs and attorneys’ fees incurred in bringing this action.

WHEREFORE, plaintiff LevelUp requests that this Court:

a.) Declare that the ’890 is not infringed by LevelUp;

b.) Declare that the ’005 is not infringed by LevelUp;

c.) Declare that the ’094 is not infringed by LevelUp;

d.) Declare that the ’495 is not infringed by LevelUp;

e.) Declare that the ’207 is not infringed by LevelUp;

f.) Declare that the ’875 is not infringed by LevelUp;

g.) Declare that the ’890 patent is invalid;

h.) Declare that the ’005 patent is invalid;

i.) Declare that the ’094 patent is invalid;

j.) Declare that the ’495 patent is invalid;

k.) Declare that the ’207 patent is invalid;

l.) Declare that the ’875 patent is invalid;

m.) Declare that the ’094, ’495,’207 and ’875 patents are unenforceable for prosecution laches;

n.) Grant judgment in favor of LevelUp on all counts of this Complaint;

o.) Award LevelUp damages in an amount to be determined at trial;

p.) Award LevelUp enhanced damages pursuant to M.G.L. ch. 93A;

q.) Declare this case exceptional pursuant to 35 U.S.C. § 285;

r.) Award LevelUp its attorney fees and the costs of this action; and,

s.) Award such other relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

LevelUp demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: September 30, 2013

/s/ Brian C. Carroll
Philip C. Swain (BBO# 544632)
Brian C. Carroll (BBO# 658940)
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210
Telephone: (617) 832-1000

*Attorneys for SCVNGR, Inc. d/b/a LevelUp*