# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCVNGR, INC., d/b/a LevelUp, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 13-12418-DJC ) |
| eCHARGE LICENSING, LLC, | ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM AND ORDER

**CASPER, J.** September 25, 2014

## I. Introduction

SCVNGR, Inc. d/b/a LevelUp ("LevelUp") has filed this lawsuit seeking declarations of invalidity, non-infringement and unenforceability as to eight patents owned by eCharge Licensing, LLC ("eCharge"), a Chicago-based entity, as well as an allegation that eCharge's conduct has violated Mass. Gen. L. c. 93A. D. 7. eCharge has moved to dismiss this action, D. 9, 11, or in the alternative transfer the case to the Northern District of Illinois, D. 13. LevelUp has moved to stay the litigation pending *Inter Partes* Review ("IPR") of three of the eight patents-in-suit. D. 31. For the reasons stated below, the Court DENIES the motion to dismiss for lack of personal jurisdiction, D. 11; DENIES IN PART the motion to dismiss for failure to state a claim upon which relief can be granted, D. 9, DENIES the motion to transfer, D. 13; and DENIES the motion to stay, D. 31.

1

## II. Standard of Review

### A. Motion to Dismiss for Failure to State a Claim

To survive a motion to dismiss, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court accepts "the truth of all well-pleaded facts and draw[s] all reasonable inferences therefrom in the pleader's favor." Grajales v. P.R. Ports Auth., 682 F.3d 40, 44 (1st Cir. 2012). A plaintiff need not establish that it is likely to prevail, but its claim must be "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To determine plausibility, the Court must separate "the complaint's factual allegations (which must be accepted as true) . . . from its conclusory legal allegations (which need not be credited)." Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012). The Court must then "determine whether the factual allegations are sufficient to support 'the reasonable inference that the defendant is liable for the misconduct alleged.'" García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013) (quoting Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011)).

### B. Motion to Dismiss for Lack of Personal Jurisdiction

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that personal jurisdiction over the defendant. Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998). To meet its burden, LevelUp must "demonstrate the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the Constitution." United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001) (internal quotations and citation omitted). Under this standard, the court will look to the facts alleged in the pleadings and the parties' supplemental filings, including affidavits. Sawtelle v. Farrell, 70 F.3d 1381, 1385 (1st Cir. 1995); Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 203 (1st Cir. 1994). The court will "take specific facts affirmatively alleged by the

plaintiff as true (whether or not disputed) and construe them in the light most congenial to the plaintiff's jurisdictional claim." Mass. Sch. of Law, 142 F.3d at 34. It will then "add to the mix facts put forward by the defendants, to the extent that they are uncontradicted." Id.

### C. Motion to Transfer

A district court may, in its discretion, transfer a civil action to any other district where it might have been brought. 28 U.S.C. § 1404(a); Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). The burden is on the moving party to show that transfer is warranted. Shipley Co., Inc. v. Clark, 728 F. Supp. 818, 823 (D. Mass. 1990). In considering whether to grant a motion to transfer venue, a district court should consider "(1) the convenience of the parties, (2) the convenience of the witnesses, (3) the relative ease of access to sources of proof, (4) the availability of process to compel attendance of unwilling witnesses, (5) cost of obtaining willing witnesses, and (6) any practical problems associated with trying the case most expeditiously and inexpensively." F.A.I. Elec. Corp. v. Chambers, 944 F. Supp. 77, 80–81 (D. Mass. 1996) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)). There is a strong presumption in favor of the plaintiff's choice of forum. Sigros v. Walt Disney World Co., 129 F. Supp. 2d 56, 71 (D. Mass. 2001). The moving party "must establish that private and public interests weight heavily on the side of trial in the foreign forum." Mercier v. Sheraton Int'l, Inc., 935 F.2d 419, 424 (1st Cir. 1991) (citations omitted).

### D. Motion to Stay

A court's authority to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." Bank of Am., N.A. v. WRT Realty, L.P., 769 F. Supp. 2d 36, 39 (D. Mass. 2011) (quoting Landis v. North Am. Co., 299 U.S. 248, 254 (1936)). Thus, the

decision "whether to stay proceedings involves balancing the interests of the parties and the Court. A stay is appropriate where it is 'likely to conserve judicial and party time, resources, and energy.'" Id. (quoting Diomed, Inc. v. Total Vein Solutions, LLC, 498 F. Supp. 2d 385, 387 (D. Mass. 2007)) (internal citation omitted).

### III. Factual Background

LevelUp is a Delaware corporation with its principal place of business in Boston, Massachusetts. D. 7 ¶ 3. eCharge is an Illinois limited liability company with its principal place of business in Northbrook, Illinois. Id. ¶ 4. On August 16, 2013, eCharge, through its counsel, sent a letter to LevelUp asserting that LevelUp's application for the Apple iPhone infringes certain claims of U.S. Patent Nos. 5,834,747 ("the '747 patent"), 6,308,890 ("the '890 patent"), 6,764,005 ("the '005 patent"), 7,083,094 ("the '094 patent"), 7,334,732 ("the '732 patent"), 7,530,495 ("the '495 patent"), 7,828,207 ("the '207 patent") and 8,490,875 ("the '875 patent") (collectively "patents-in-suit"). Id. ¶ 7. On September 19, 2013, eCharge sent an email attaching a letter dated August 2, 2012 and reiterating eCharge's claims of infringement, which LevelUp alleges are a "frivolous attempt to extort payment from LevelUp based upon the threat of costly litigation." Id.

### IV. Procedural History

In response to eCharge's allegations, LevelUp brought this action, D. 1, and shortly thereafter amended its complaint, D. 7. Subsequently, in the following order, eCharge moved to dismiss the action for failure to state a claim for which relief can be granted, D. 9, moved to dismiss the action for lack of personal jurisdiction, D. 11, and moved to transfer this action to the Northern District of Illinois, D. 13.

4

A separate litigation is currently pending in the Northern District of Illinois, in which eCharge has alleged that Square, Inc. has infringed three of eCharge's patents that are at issue in this case: the '005, '207 and '875 patents. eCharge Licensing, LLC v. Square, Inc., No. 13-cv-06445 (EEC), (N.D. Ill.) (the "Illinois litigation"). On November 18, 2013, Square, Inc. ("Square") filed three petitions for Inter-Parties Review ("IPR"). D. 32 at 6. By statute, the Patent Trial and Appeal Board ("PTAB") was required to grant or deny Square's petition to initial the IPRs by May 18, 2014. 35 U.S.C. § 314(b). It granted the petitions. D. 42 at 1-2. Pursuant to 35 U.S.C. § 316(a)(11), the IPR proceeding must be completed by May 18, 2015. In response to the pending petitions for IPR, eCharge and Square agreed to stay the Illinois litigation. D. 32 at 1.

V. Discussion

    A. <u>**The Court Has Personal Jurisdiction Over eCharge**</u>

As to personal jurisdiction, LevelUp first argues that eCharge has waived its objection to the Court's alleged lack of personal jurisdiction over eCharge. Unlike challenges to subject matter jurisdiction, see Fed. R. Civ. P. 12(b)(1), challenges to personal jurisdiction must be raised in a defendant's first responsive pleading or Rule 12 motion or they are waived. Fed. R. Civ. P. 12(g)(2), 12(h)(1)(A). "As the Advisory Committee's notes to subdivision (g) of the Rule indicate, Rule 12 precludes 'a defendant who makes a preanswer motion under this rule from making a further motion presenting any defense or objection which was available to him at the time he made the first motion and which he could have included, but did not in fact include therein.'" Pilgrim Badge & Label Corp. v. Barrios, 857 F.2d 1, 3 (1st Cir. 1988) (quoting Fed. R. Civ. P. 12 advisory committee's note). Here, eCharge filed its motion under Rule 12(b)(6), D. 9, before filing a motion under Rule 12(b)(2), D. 11. eCharge did not comply with the technical

5

requirements of Rule 12. It is true, however, that eCharge's 12(b)(6) motion was filed almost at the same time as its Rule 12(b)(2) motion.[1]

Regardless of whether eCharge has waived its personal jurisdiction defense, the Court concludes that it has personal jurisdiction over eCharge. It is axiomatic that in-state conduct that causes a tortious injury vests the forum state with personal jurisdiction over the defendant. Mass. Gen. L. c. 223A, § 3(c) (Massachusetts long-arm statute providing that "[a] court may exercise personal jurisdiction over a person . . . causing tortious injury by an act or omission in this commonwealth"); Adelson v. Hananel, 510 F.3d 43, 49 (1st Cir. 2007) (noting that the "Massachusetts . . . long-arm statute is coextensive with the limits allowed by the Constitution"). Courts in this Circuit have concluded that a demand letter transmitted into the Commonwealth amounts to in-state conduct for purposes of the personal jurisdiction analysis, where the letter is "related to" the claims asserted. VDI Technologies v. Price, 781 F. Supp. 85, 92 (D.N.H. 1991) (finding personal jurisdiction where defendant transmitted cease-and-desist letters into forum state and where claims included both declaratory judgments of non-infringement and state law unfair trade practices claim). Unlike those cases in which the letter itself was not "related to" the claims asserted in this case, cf. Measurement Computing Corp. v. Gen. Patent. Corp. Int'l, 304 F. Supp. 2d 176, 182 (D. Mass. 2004) (concluding that cease and desist letters did not give rise to specific jurisdiction where claims of non-infringement were not "related to" the letters themselves), LevelUp's c. 93A claim directly arises out of the correspondence exchanged between LevelUp and eCharge prior to the commencement of this litigation. D. 7 ¶ 69.

---

[1] It is possible that eCharge's decision to file three, rather than one, Rule 12 motions (and accompanying memoranda, D. 10, 12, 14) may have been aimed at evading this Court's local rules regarding page limits for memoranda. See L.R. 7.1(b)(4). Accordingly, to the extent that eCharge asserts it would be inequitable to apply waiver here, that argument is undercut by eCharge's conscious choice to file three Rule 12 motions and file its Rule 12(b)(6) motion first.

Consequently, as discussed further below, LevelUp alleges that eCharge caused tortious injury by sending letters into Massachusetts, satisfying both the Massachusetts long-arm statute and constitutional due process. Accordingly, the Court DENIES the motion to dismiss for lack of personal jurisdiction, D. 9.

    **B.    The Court Denies In Part the Motion to Dismiss For Failure to State a Claim**

eCharge has moved to dismiss each of the counts alleged in the amended complaint. D. 9. LevelUp's claim can fairly be categorized into four sets of claims: (1) claims for declarations that LevelUp has not infringed the patents-in-suit (Counts I-VIII); (2) claims for declarations that each of the patents-in-suit is invalid (Counts IX-XVI); (3) a claim for a declaration that the patents are unenforceable for prosecution laches (Count XVII); and (4) a claim that eCharge has engaged in conduct violating Mass. Gen. L. c. 93A (Count XVIII). D. 7 at 6-18.

    *1.    LevelUp Has Stated Claims for Non-infringement*

eCharge's argument as to the first three groups of LevelUp's claims against it is that LevelUp's complaint fails to comply with the pleading requirements of Rule 8. D. 10 at 6-15. LevelUp counters that it has complied with Form 18, see Fed. R. Civ. P. App. of Forms, which it argues suffices. D. 29 at 14. A "Form 18 notice pleading standard . . . will suffice for claims of direct infringement." Zond, Inc. v. SK Hynix Inc., No. 13-11591-RGS, 2014 WL 346008, at *2 (D. Mass. Jan. 31, 2014) (citing Superior Indus., LLC v. Thor Global Enters. Ltd., 700 F.3d 1287, 1295 (Fed. Cir. 2012)); see Zond LLC v. Toshiba Corp., No. 13-cv-11581-DJC, 2014 WL 4056024, at *2 (D. Mass. August 14, 2014) (concluding that "Form 18 continues to control the pleading requirements for a claim of direct infringement"). Form 18 requires "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent';

7

(4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." Superior Indus., LLC, 700 F.3d at 1295 (citation omitted). For each of Counts I-VIII, LevelUp has alleged jurisdiction, D. 7 ¶¶ 7-11, stated who owns the patent, id. ¶¶ 13-36, stated that LevelUp has not been infringing the patent, id., and incorporated eCharge's notice and demand of non-infringement, id. ¶ 2. LevelUp has complied with Form 18.

### 2. *LevelUp Has Failed to State Claims for Invalidity*

eCharge argues that Counts IX-XVI also fail to plead sufficient facts in support of LevelUp's claim for invalidity. Unlike LevelUp's claims for non-infringement, however, LevelUp has relied on no Federal Circuit case law holding that merely "pleading the statute" is sufficient to defeat a motion to dismiss, which even prior to Twombly and Iqbal could not defeat a motion to dismiss. See Sprint Commc'ns Co., L.P., v. Theglobe.com, Inc., 233 F.R.D. 615, 619 (D. Kan. 2006) (citation omitted). In fact, "[o]ther courts [since Twombly and Iqbal] have dismissed identical counterclaims for failing to satisfy the notice-pleading standard." GE Lighting Solutions, LLC v. Lights of Am., Inc., No. 1:12-CV-3131, 2013 WL 1874855, at *2 (N.D. Ohio May 3, 2013) (dismissing invalidity counterclaims where the defendant alleged that the plaintiff's patents "are invalid for failure to meet the requirements of the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, judicial decision, and laws pertaining thereto") (citing Senju Pharm. v. Apotex, No. 12-159-SLR, 2013 WL 444928, at *4 (D. Del. Feb. 6, 2013) (dismissing for complete lack of factual support an invalidity counterclaim in a patent-infringement suit); Gemcor II v. Electroimpact, No. 11-CV-2520-CM, 2012 WL 628199, at *3 (D. Kan. Feb. 27, 2012) (same); PPS Data v. Availity, No. 11-cv-747-J-37TEM, 2012 WL 252830, at *2 (M.D.

Fla. Jan. 26, 2012) (dismissing for lack of any factual support a non-infringement counterclaim); PPS Data v. Allscripts Healthcare Solutions, No. 11-cv-273-J-37TEM, 2012 WL 243346, at *4 (M.D. Fla. Jan. 25, 2012) (same)). A distinction between the pleading standard for non-infringement and the pleading standard for invalidity reflects the heavy burden of persuasion the party seeking a declaration of invalidity bears. Budde v. Harley–Davidson, Inc., 250 F.3d 1369, 1376 (Fed. Cir. 2001) (noting that a party seeking a declaration of invalidity must prove same by clear and convincing evidence). Here, for each of the patents-in-suit, LevelUp alleges only that "each and every claim of the [] patent is invalid for failure to comply with the conditions and requirements for patentability set forth in one or more of 35 U.S.C. §§ 101, 102, 103, or 112 and/or under the doctrine of obviousness-type double patenting." D. 7 ¶ 38, 40, 42, 44, 46, 48, 50, 52. It has done no more than "plead[] the statute." Sprint Commc'ns Co., L.P., 233 F.R.D. at 620.[2] Accordingly, the Court will grant the motion to dismiss Counts IX-XVI without prejudice to LevelUp seeking leave to amend as to this claim.

### 3. *LevelUp Has Stated a Claim for Unenforceability*

LevelUp's seventeenth count seeks a declaration that eCharge's patents are unenforceable due to prosecution laches. D. 7 ¶¶ 53-57. "The doctrine of prosecution laches is an equitable defense . . . [which] may render a patent unenforceable when it has issued only after an unreasonable and unexplained delay in prosecution." Symbol Technologies, Inc. v. Lemelson

---

[2] Although LevelUp cites a line of cases indicating a split in authority on this issue, D. 29 at 10-11; see, e.g., Tetsuya v. Amazon.com, Inc., No. 11-cv-01210, 2011 WL 10632812, at *2 (N.D. Cal. Nov. 8, 2011); Pfizer v. Apotex Inc., 726 F. Supp. 2d 921, 938 (N.D. Ill. 2010); Pharma Intern. Ltd. v. Lupin Ltd., No. 09-1008, 2010 WL 1372316, at *4 (D.N.J. Mar. 31, 2010); Elan Pharma Int'l Ltd. v. Lupin Ltd., No. 09-1008 JAG, 2010 WL 1372316, at *4 (D.N.J. Mar. 31, 2010); Teirstein v. AGA Med. Corp., No. 6:08CV14, 2009 WL 704138, at *3 (E.D. Tex. Mar. 16, 2009); Baldstar Tech., LLC v. Home Depot, Inc., 51 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007), such cases do not compel a different outcome here given the nature of the allegations in the operative complaint here and the Court finds the reasoning of the cases cited in the text above persuasive.

Med., Educ. & Research Found., 422 F.3d 1378, 1384-85, amended on reh'g in part sub nom. Symbol Technologies, Inc. v. Lemelson Med., Educ. & Research Found., LP, 429 F.3d 1051 (Fed. Cir. 2005). eCharge argues that this count fails to plead any facts in support of this claim, because it fails to plead any more than a "timeline." D. 10 at 10. In support of this argument, eCharge cites Holmes Grp., Inc. v. RPS Products, Inc., No. 03-40146-FDS, 2010 WL 7867756, at *9 (D. Mass. June 25, 2010). This case is inapposite, however, as it decided the issue of laches on summary judgment and not at the pleading stage. Id. (concluding that the lapse of time was hardly comparable to the pattern of 'culpable neglect' in other cases and that "there was insufficient evidence that the delay was improper). In addition, the judge in the Illinois litigation recently denied eCharge's motion to dismiss Square's counterclaim of prosecution laches, see Illinois litigation, D. 24, where Square's factual allegations closely mirrored LevelUp's allegations. Compare D. 7 ¶¶ 53-56 with Illinois litigation, D. 11 ¶¶ 24-29. This is so for good reason. LevelUp's allegation of an eighteen-year delay and "a systematic strategy to delay prosecution of the patent application, and related continuing applications," see D. 7 ¶ 54, plausibly supports the claim that eCharge unreasonably and unexpectedly delayed in enforcing its rights under the patents. The Court will not dismiss Count XVII.

### 4. *LevelUp Has Stated a Claim for a Violation of c. 93A*

eCharge levies two charges against LevelUp's c. 93A claim. First, eCharge argues that its transmission of a patent infringement notice does not constitute an act of bad faith; and second, it contends that the alleged acts did not occur primarily and substantially in the Commonwealth. D. 10 at 15-20.

As to eCharge's first argument, it is true that for litigation tactics may be actionable under c. 93A, particularly if they involve bad faith pre-litigation conduct. Trenwick Am. Reins. Corp.

10

v. IRC, Inc., 764 F. Supp. 2d 274, 307 (D. Mass. 2011) (noting that "[w]hile there may be debate concerning whether litigation tactics alone can comprise a Chapter 93A violation, there is no debate concerning whether such tactics can be considered along with egregious, bad faith pre-litigation conduct"). Here, LevelUp alleges that eCharge's pre-suit threats were "frivolous." D. 7 ¶ 2. In addition, LevelUp alleges that eCharge's claims of infringement are based upon misrepresentations that eCharge drafted "in an effort to give the appearance that LevelUp . . . infringes, claim 1 of the '875 patent." Id. ¶ 69. LevelUp then continues to detail how these representations are false and explains that "any person skilled in the relevant art who used the LevelUp Mobile iPhone App" would realize the falsity of eCharge's statements. Id. Accordingly, LevelUp has plausibly alleged that eCharge threatened litigation in bad faith, based upon representations that it knew or should have known were false. See St. Paul Surplus Lines Ins. Co. v. Feingold & Feingold Ins. Agency, Inc, 920606, 1994 WL 879974, at *1 (Mass. Super. Aug. 1, 1994) (recognizing that "[a]ctual knowledge by defendant of the false character of its representation may amount to a 'knowing' violation of G.L. c. 93A, § 2"), aff'd sub nom., St. Paul Surplus Lines Ins. Co. v. Feingold & Feingold Ins. Agency, Inc., 43 Mass. App. Ct. 1105 (1997), aff'd, 427 Mass. 372 (1998). This is sufficient to defeat eCharge's motion to dismiss on this ground.

At oral argument, eCharge detailed the manner in which its assertions of infringement were not frivolous. Similarly, LevelUp presented its theory of the case to the Court. These conflicting views do not, as eCharge has suggested, demonstrate a basis to conclude on the pleadings that eCharge has acted in good faith. Rather, the Court concludes that there is a plausible claim that precludes dismissal of LevelUp's c. 93A claim at this stage of litigation as this case proceeds to discovery. Workgroup Tech. Corp. v. MGM Grand Hotel, LLC, 246 F.

Supp. 2d 102, 118 (D. Mass. 2003) (denying motion to dismiss c. 93A claim in light of factual dispute).

eCharge also argues that its conduct occurred outside Massachusetts. Under Massachusetts law:

> No action shall be brought or maintained under this section unless the actions and transactions constituting the alleged unfair method of competition or the unfair or deceptive act or practice occurred primarily and substantially within the commonwealth.

Mass. Gen. L. c. 93A, § 11. Although LevelUp argues that court should consider "(1) where the defendant committed the deception; (2) where plaintiff was deceived and acted on the deception; and (3) the situs of plaintiff's losses due to the deception," D. 29 at 23 (quoting Play Time, Inc. v. LDDS Metromedia Commc'ns, Inc., 123 F.3d 23, 33 (1st Cir. 1997)), in determining whether the acts occurred within the Commonwealth, the Supreme Judicial Court's jurisprudence eschews such an analysis. See Kuwaiti Danish Computer Co. v. Digital Equip. Corp., 438 Mass. 459, 473 (2003) (concluding that "the analysis required under § 11 should not be based on a test identified by any particular factor or factors because of a tendency to shift the focus of inquiry away from the purpose and scope of c. 93A"). Rather, the Supreme Judicial Court has counseled that "Section 11 suggests an approach in which a judge should, after making findings of fact, and after considering those findings in the context of the entire § 11 claim, determine whether the center of gravity of the circumstances that give rise to the claim is primarily and substantially within the Commonwealth." Id. Courts in this district have followed Kuwati's approach in resolving the instant question. See RGJ Associates, Inc. v. Stainsafe, Inc., 338 F. Supp. 2d 215, 234 (D. Mass. 2004). As this presents a factual question, "a section eleven cause of action, attacked via a motion to dismiss, should survive a 'primarily and substantially' challenge so long as the complaint alleges that the plaintiff is located, and claims an injury, in Massachusetts."

Back Bay Farm, LLC v. Collucio, 230 F. Supp. 2d 176, 188 (D. Mass. 2002) (citing Amcel Corp. v. Int'l Executive Sales, Inc., 170 F.3d 32, 36 (1st Cir. 1999) (noting that the plaintiff's location in Massachusetts and its claim of injury in Massachusetts raises a reasonable chance that the plaintiff would prevail on the "primarily and substantially" issue). Here, LevelUp claims an injury in Massachusetts, i.e., needlessly incurring attorneys' fees to respond to eCharge's allegedly frivolous allegations. D. 7 ¶¶ 60-61, 81. Accordingly, the Court declines to dismiss the c. 93A claim on this ground.[3]

For all these reasons, the Court DENIES the motion to dismiss to the extent eCharge seeks dismissal of Counts I-VIII, XVII and XVIII and GRANTS LevelUp leave to amend Counts IX-XVI.[4]

### C. Transfer is Not Warranted

eCharge raises two arguments in support of its motion to transfer. First, eCharge argues that venue is improper under 28 U.S.C. §§ 1391, 1406.[5] 28 U.S.C. § 1391(b) provides that a civil action may be brought in:

---

[3] To the extent eCharge asserts that LevelUp has not suffered actionable damages under c. 93A, the Court declines to dismiss this claim for similar reasons. See Columbia Chiropractic Grp., Inc. v. Trust Ins. Co., 430 Mass. 60, 63 (1999) (noting that "[i]f a violation of G.L. c. 93A, § 11, forces another to incur attorney's fees, those fees are a loss of money or property and may be recovered as G.L. c. 93A damages").

[4] In its motion to transfer, D. 14 at 8-9, eCharge raises a separate ground for dismissal, that the Court should dismiss Counts I-XVII because LevelUp is abusing the declaratory judgment remedy and noting that the remedy is discretionary in nature. Id. (citing MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 136 (2007)). To the extent eCharge argues that LevelUp has not alleged a case or controversy, the Court disagrees, in light of the demand letters sent to LevelUp.

[5] To the extent eCharge seeks dismissal on this ground, see Fed. R. Civ. P. 12(b)(3), it has waived this argument pursuant to Rule 12(g), (h) as discussed above. However, even reaching this issue, the Court concludes that venue in this district is proper under 28 U.S.C. § 1391(b)(2) given that the claims arise out of the demand letters sent by eCharge to LevelUp in Massachusetts about its alleged infringement and, accordingly, a "substantial part of the events" giving rise to these claims arose in Massachusetts.

> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Here, it is clear that eCharge is not a resident of Massachusetts. D. 7 ¶ 4. Rather, LevelUp asserts that venue is proper because the correspondence that drove LevelUp to file this lawsuit was received in Massachusetts. "In many patent declaratory judgment actions, the alleged injury arises out of the threat of infringement as communicated in an "infringement letter." Avocent Huntsville Corp. v. Aten Int'l Co., Ltd., 552 F.3d 1324, 1333 (Fed. Cir. 2008). Moreover, other courts, with reasoning that the Court finds persuasive, have found venue proper on similar bases. Velcro Grp. Corp. v. Billarant, 692 F. Supp. 1443, 1450 (D.N.H. 1988) (finding venue in New Hampshire proper as to claim for patent invalidity where notices of infringement letters had been sent to alleged infringer at its New Hampshire headquarters); see also Bates v. C & S Adjusters, Inc., 980 F.2d 865, 868 (2d Cir. 1992) (finding venue proper in New York in suit for unfair collection practices where out of state collection agency had mailed demand letter to debtor in New York). Accordingly, the Court concludes that venue is statutorily proper.

Alternatively, eCharge has moved to transfer under 28 U.S.C. § 1404(a). Under this statute, the Court may transfer an action "[f]or the convenience of parties and witnesses, in the interest of justice." Id. eCharge argues that the most important factor is the possibility of consolidation with the Illinois litigation. However, it is well settled in this Circuit that that the convenience of witnesses is "probably the most important factor" in the transfer analysis.

14

Boateng v. Gen. Dynamics Corp., 460 F. Supp. 2d 270, 275 (D. Mass. 2006) (citation omitted). Here, LevelUp's witnesses will no doubt largely reside in Massachusetts, the company's principal place of business. eCharge's president, Anthony Brown, resides in the Northern District of Illinois, while eCharge would also anticipate calling third-party inventor J. Carl Cooper, who resides in the Reno, Nevada. Putting Cooper aside for the moment, Brown's Illinois residence alone is insufficient to warrant transfer, where transfer is not warranted to shift the inconvenience from one party to another. Princess House, Inc. v. Lindsey, 136 F.R.D. 16, 18 (D. Mass. 1991). As for Cooper, the Court assumes that eCharge is correct that the most significant witnesses in a patent infringement case are the inventors. D. 14 at 7 (citations omitted). However, eCharge's main argument with regard to the convenience of its inventor-witness is that Reno has non-stop flights to Chicago, but not to Boston. D. 14 at 7. Where movants under § 1404 bear a "heavy burden" to establish that transfer to another district is proper, Vartanian v. Monsanto Co., 880 F. Supp. 63, 73 (D. Mass. 1995), this Court cannot say that this contention regarding Cooper rises to the requisite inconvenience.

In addition, even if the Court were to give the possibility of consolidation as the most important factor, the Court disagrees that consolidation would even favor judicial economy here, where eCharge has agreed to stay the Illinois litigation, but declined to stay this litigation.

The Court may also consider the relative ease of access to sources of proof, the availability of process to compel attendance of unwilling witnesses, the cost of obtaining willing witnesses, and any practical problems associated with trying the case most expeditiously and inexpensively. F.A.I. Electronics Corp. v. Chambers, 944 F. Supp. 77, 80-81 (D. Mass. 1996) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)). eCharge has made no showing as to

the remaining of these factors. As it bears the burden of persuasion on this motion, the Court concludes that eCharge has not met its burden as to any of these factors.

For all these reasons, the Court DENIES the motion to transfer.

### D.     A Stay Is Not Warranted at This Time

LevelUp has moved to stay this litigation pending resolution of the IPR before the U.S. Patent and Trademark Office ("PTO") brought by Square. Although the PTO had a process entitled "*inter partes* reexamination" prior to the recently enacted America Invents Act ("AIA"), Pub. L. No. 112-20, 125 Stat. 284 (2011), the AIA revamped these procedures promulgating *inter partes* review, see 35 U.S.C. §§ 312-329.

In an IPR, a panel of judges appointed to the Patent Trial and Appeal Board ("PTAB") determines the validity of the patent. 35 U.S.C. §§ 6, 311. If the petitioner prevails in the IPR and the PTAB declares the challenged claims invalid, then any pending litigation based on those invalid claims becomes moot. Interface, Inc. v. Tandus Flooring, Inc., No. 4:13-CV-46-WSD, 2013 WL 5945177, at *3 (N.D. Ga. Nov. 5, 2013), reconsideration denied, No. 4:13-CV-46-WSD, 2014 WL 273446 (N.D. Ga. Jan. 22, 2014). If the patentee prevails, the petitioner (here, Square and not LevelUp) is statutorily estopped from asserting that the challenged claim is invalid on any ground that was raised or reasonably could have been raised at the IPR. 35 U.S.C. § 315(e)(2).

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citations omitted). Courts generally consider three factors in deciding whether to stay an action pending IPR: "'(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and

trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party.'" Universal Electronics, Inc. v. Universal Remote Control, Inc., 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013) (citing Aten Int'l Co., Ltd v. Emine Tech. Co., Ltd., No. SACV 09–0843 AG (MLGx), 2010 WL 1462110, at *6 (C.D. Cal. Apr. 12, 2010) (quoting Telemac Corp. v. Teledigital, Inc., 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006))). The mere filing of a petition for IPR is generally seen as insufficient to warrant a stay. Automatic Mfg. Sys., Inc. v. Primera Tech., Inc., 6:12-CV-1727-ORL-37, 2013 WL 1969247, at *3 (M.D. Fla. May 13, 2013). Here, the balance of the relevant factors weigh against granting the motion to stay.

### 1. *The Stage of This Case*

Applying this framework, this is certainly not a case where "claim construction process is already under way, and [either party's] litigation posture would be prejudiced by a stay." SurfCast, Inc. v. Microsoft Corp., --- F. Supp. 2d ---, No. 2:12-CV-00333-JAW, 2014 WL 1057172, at *4 (D. Me. Mar. 14, 2014). Rather, the litigation is in the incipient stage. The Court is now deciding eCharge's Rule 12 motions and the Court has not set a schedule for discovery or claim construction, never mind trial. This weighs in favor of staying the litigation. Norred v. Medtronic, Inc., No. 13-2061-EFM/TJJ, 2014 WL 554685, at *2 (D. Kan. Feb. 12, 2014) (ordering stay "a few months" after entry of scheduling order and after only "[l]ittle discovery" had been exchanged); Capriola Corp. v. LaRose Indus., LLC, No. 8:12-CV-2346-T-23TBM, 2013 WL 1868344, at *3 (M.D. Fla. Mar. 11, 2013) (ordering stay where litigation was "in the incipient stage"); Semiconductor Energy Lab. Co., Ltd. v. Chimei Innolux Corp., No. 12-21-JST JPRX, 2012 WL 7170593, at *2 (C.D. Cal. Dec. 19, 2012) (ordering stay where at least one party had "not served any document requests or written discovery and that no parties have taken

17

depositions or undertaken expert discovery [or] . . . briefed the Court on claim construction, nor has the Court issued a claim construction order").

### 2. *Prejudicial Effect*

Similarly, the Court concludes that a stay would not unduly prejudice eCharge. Although staying any case pending an IPR risks delaying the final resolution of the dispute that "potential for delay does not, by itself, establish undue prejudice." Neste Oil Oyj v. Dynamic Fuels, LLC, No. 12–662–GMS, 2013 WL 424754, at *2 (D. Del. Jan. 31, 2013) (emphasis in original); see also Davol, Inc. v. Atrium Med. Corp., No. 12-958-GMS, 2013 WL 3013343, at *2 (D. Del. June 17, 2013) (noting that "[s]uch an inherent risk of delay, however, is not dispositive with regard to this factor). While a dilatory motive might weigh against a stay, Belden Techs. Inc. v. Superior Essex Commc'ns LP, No. 08–63–SLR, 2010 WL 3522327, at *2 (D. Del. Sept. 2, 2010) (noting that "[a] request for reexamination made well after the onset of litigation followed by a subsequent request to stay may lead to an inference that the moving party is seeking an inappropriate tactical advantage"), here none appears on its face, where the litigation has just commenced. In addition, "[c]ourts are hesitant to grant a stay in a matter where the parties are direct competitors," Neste Oil OYJ, 2013 WL 3353984, at *3, but here the Court cannot say that the parties compete at all, where eCharge has not contested LevelUp's assertion that eCharge does not practice the patents-in-suit. See D. 32 at 1 (referencing eCharge's alleged self-proclamation that it is "the original patent troll"). In addition, as eCharge has not moved for a preliminary injunction and has not yet filed counterclaims in this matter, the Court can only assume that eCharge seeks monetary damages. Any delay to eCharge's recovery of monetary damages is not meaningful where the prevailing party in patent cases may recover prejudgment

18

interest. Bowers v. Baystate Technologies, Inc., 112 F. Supp. 2d 185, 188 (D. Mass. 2000) (35 U.S.C. § 28), aff'd, 320 F.3d 1317 (Fed. Cir. 2003).

### 3. *A Stay Will Only Go So Far to Simplify the Issues*

Whether a stay pending resolution of the IPR will simplify the issues here is a more difficult question. A stay no doubt simplifies the issues where all of the patents-in-suit are subject to IPR. Semiconductor Energy Lab. Co., Ltd. v. Chimei Innolux Corp., No. 12-21-JST JPRX, 2012 WL 7170593, at *2 (C.D. Cal. Dec. 19, 2012). This is not such a case, however. Here, only three of the eight patents-in-suit are subject to IPR. Under these circumstances, courts generally deny a stay of the proceedings. RR Donnelley & Sons Co. v. Xerox Corp., No. 12-CV-6198, 2013 WL 6645472, at *3 (N.D. Ill. Dec. 16, 2013) (denying stay where "[g]ranting a stay as to the entire litigation would cause the four unchallenged . . . patents to languish unresolved for an unspecified amount of time"); Dane Technologies, Inc. v. Gatekeeper Sys., Inc., No. 12-2730 ADM/AJB, 2013 WL 4483355, at *2 (D. Minn. Aug. 20, 2013) (denying stay where defendant only petitioned for review of two of the three patents-in-suit); Davol, Inc. v. Atrium Medical Corp., No. 12-958-GMS, 2013 WL 3013343, at *5-6 (D. Del. June 17, 2013) (same); Pentair Water Pool and Spa, Inc. v. Hayward Indus., Inc., 2012 WL 6608619, at *3 (E.D.N.C. December 18, 2012) (denying motion to stay pending *inter partes* reexamination where only three of the seven patents-in-suit were involved in reexamination). Thus, this factor weighs quite strongly against a stay.

Accordingly, the Court is not inclined to allow five of the eight patents-in-suit to "languish" while the PTAB reviews only three of the patents-in-suit. See RR Donnelley & Sons Co., 2013 WL 6645472, at *3. Moreover, the Court notes that nothing is preventing LevelUp

from dismissing its claims as to the three patents subject to the IPR without prejudice. See Fed. R. Civ. P. 41(a). In any event, the Court DENIES the motion to stay the litigation.

## VI.     Conclusion

For the foregoing reasons, the Court the Court DENIES the motion to dismiss for lack of personal jurisdiction, D. 11, DENIES IN PART the motion to dismiss for failure to state a claim upon which relief can be granted and ALLOWS IN PART the motion as to Counts IX-XVI for LevelUp to seek leave to amend by no later than October 9, 2014, D. 9, DENIES the motion to transfer, D. 13, DENIES the motion to stay, D. 31, and DENIES AS MOOT eCharge's motion for leave to file a reply brief, D. 33.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge